West, J.

H. GOLDSTICKER, ET AL. VS. P. S. FORD.

IN SUPREME COURT, TYLER TERM, 1884.

*Liquor Dealer's Bond—Civil Action.*--A person may be prosecuted and punished under article 376 P. C. for selling intoxicating liquor to a minor without the written consent of the parent or guardian, and at the same time be held liable in a civil action on a breach of the conditions of his bond as a liquor dealer.

*Same—Minor.*--Under the conditions of such bond the dealer will be liable for

permitting a minor to enter upon or remain in the place where such liquors are sold, even with the written consent of the parent or guardian of such minor.

Appeal from Milam county.

This action was brought by the county attorney for Milam county, in the name of P. S. Ford, its county judge, for the use and benefit of the county, to recover the sum of five hundred dollars from H. Goldsticker and A. A. Burke and John N. Redding, his sureties on a bond given by him as a retail liquor dealer, under the provisions of the act of April 4, 1881. (Gen. Laws, 113.)

A copy of the bond of Goldsticker and his sureties was made a part of the petition, and as a breach thereof it was alleged "that Goldsticker did knowingly permit one Jay Childers, a minor under the age of twenty-one years, to enter upon and remain in his said establishment and place of business when he was so engaged in the sale of spiritous, vinous and malt liquors and medicated bitters in quantities less than one quart."

It was proved that Jay Childers, a boy of about 15 years of age, with the written consent of his mother, who was a widow, was employed by Goldsticker with a knowledge of his age, to work for him in a house in which he was retailing spiritous, vinous and malt liquors in quantities less than one quart, under the bond made an exhibit to the petition. It was further proved, that the boy, with the knowledge, consent and procurement of Goldsticker, entered the saloon on the 23. July, 1882, and remained there until about October 23, 1882. It was shown that the boy had been out of employment for about a month before he was employed by Goldsticker, and that up to that time he had been unable to get employment elsewhere, and that he could make more at that employment than at any other employment, which he could afterwards have obtained. It was also shown that the boy's mother was poor.

The cause was tried without a jury and judgment was rendered against Goldsticker and his sureties for five hundred dollars and costs.

It is claimed that the law providing the conditions of the bond is unconstitutional and void, in that it implies a second punishment for acts made punishable by the penal code, unless it be held to repeal the criminal statute.

The act under consideration declares that "The provisions of this

section shall not be so construed as to repeal or in any manner affect any penal laws now in force concerning the unlawful sale of spirituous, vinous or malt liquors." (Gen. L., 1881, p. 113.)

The penal code provides, "If any person shall knowingly sell, or give, or cause to be sold or given, any spirituous, vinous or intoxicating liquor to any person under the age of twenty-one years, without the written consent of the parent or guardian of such minor, or some one standing in their place or stead, shall be fined not less than twenty-five, nor more than one hundred dollars." (Penal Code, art. 367.)

The bond required of persons retailing liquors in less than a quart has the following conditions, that such person "shall keep an orderly house or place for the sale of such liquors, and that he or they will not sell or knowingly permit to be sold in his or their place of business, nor give nor permit to be given, any spirituous, vinous or malt liquors, or medicated bitters to any minor under the age of twenty-one years, or to students or any institution of learning, or to any habitual drunkard, or to any person after having been notified in writing by the wife or daughter of the person, not to sell to such person, and that the or they will not knowingly permit any games prohibited by the laws of this state to be played, dealt or exhibited in or about such place of business, and that he or they will not knowingly permit any minor under the age of twenty-one years to enter upon and remain in such establishment."

It is evident from the provisions of the act of April 4, 1881, that the legislature intended the penal statute before referred to to remain in full force, and the liability of the party who violates its provisions in no manner to be affected by that act.

It was held in the case of Bush vs. The Republic (1 Texas 455) if a statute prohibits an act under a penalty to be enforced by indictment, and a subsequent statute gives *qui tam* action for a like penalty, that the latter is merely commulative of and does not repeal the criminal statute, or interpose an obstacle to the action by indictment. This seems to be in accord with the weight of authority. (Simpson vs. State, 10 Yerger, 525 ; Jennings vs. Commonwealth, 17 Pick. 80; Regina vs. White, 20 Eng. L. & Eq. 587 ; Blatchley vs. Moser, 15 Wendall, 341 ; Bishop on Stat. Crimes, 170 ; 1 Bishop's Crim. Law, 264.)

The case before us is not one, however, in which a penalty to be

recovered by a civil action is given absolutely and without reference to a contract, and if there was doubt whether imposed solely by statute, could be enforced by a civil action, and at the same time the party be punished for the same act, though a criminal prosecution, we think there can be no doubt that a person may be prosecuted and punished under the provisions of Art. 376, P. C. for knowingly selling or giving, or causing to be sold or given, any spirituous, vinous or intoxicating liquors to a minor without the consent in writing of the parent or guardian ; and at the same time under the contract evidenced by his bond, voluntarily executed, he be held liable in the civil action for the sum which thereby he has agreed to pay to the county on the breach of the conditions of the bond. This question becomes important only in view of the fact, that it is assumed if one of the conditions in the bond is void, therefore, all the conditions are void, a question which it is unnecessary in the view taken of the case, to pass upon.

The only apparent conflict of intention between the criminal statute and the conditions in the bond provided by the law, relates to that part of the penal statute which makes the sale of liquors to minors a criminal offense only when the sale is made without the written consent of the parent or guardian, while by the law under consideration, the seller is made liable to a civil action on his bond on breach of his condition, without reference to whether the consent of the parent or guardian be given.

The state may exercise its power to declare that an act hurtful to society, or to an individual, shall be punished criminally or it may declare that the act shall be so punished only when committed under given circumstances, but this does not deprive it of the power to declare that a civil action may be prosecuted for the commission of the act unaccompanied by such circumstances as would make it a violation of the criminal law, and this for the purpose of repressing or preventing such act. As we have already said, the conditions in the bond referred to is not void, and against one who voluntarily executed such a bond and afterward breaks its conditions, the civil action may be maintained.

It is urged, however, that while the letter of the statute gives the action against the seller who knowingly permits a minor to enter upon and remain in his establishment where the designated liquors are sold in less quantities than a quart, yet, that such is not the spirit

of the statute, and hence, when the entry upon or the remaining in such establishment is with the consent of the parent or guardian there is no breach of the bond, and this on the ground that as the law does not punish criminally the sale of liquors to a minor if made with the written consent of the parent or guardian, therefore, it was not intended to give the civil action if the minor enters upon or remains in such establishment with the written consent of the parent or guardian. If we apply the ordinary meaning to the words used in the statutes, the civil action is thereby certainly given on breach of the conditions in the bond, and so without reference to the consent or wish of the parent or guardian, however expressed. There being no ambiguity in the words of the statute, when considered in relation to the object and purpose, and it being strictly a remedial statute, in no manner merely declaratory of a former uncertain law, we certainly have no power to add words to it by which a meaning will be given to it which is not conveyed by the language used.

If we look to the evil intended to be corrected, and to the remedy furnished and necessary to that end, there can be but little, if any, doubt as the intention of the legislature.

The statute was evidently enacted for the purpose of shielding the youths of the country from associations and influences which the warnings of the past show them are likely to lead them into dissipation, corrupt their morals, and to start them, perhaps, on a course of life that leads them to vice and even crime to which they would not tend but for hurtful association.

That the state has the power by such laws as that under coasideration, to do this, notwithstanding even the parent or guardian may otherwise desire, and may be willing even to desert the best interests of the child or ward, and may consent that it be exposed to influenced likely to prove hurtful, cannot be questioned. (State vs. Clotter, 33 Ind. 409.) It has the power when the parent or guardian is found unfathful or unfit to rear and care for a minor, to have it taken from the custody of either and placed in the hands of another fitted to rear it for useful and honorable life.

Under the letter as well as the spirit of the law, a parent who might keep such an establishment as is contemplated by the statute, having executed a bond such as the law requires, would break the conditions of that bond and be liable to the civil action therein pro-

vided, if he knowingly permitted his own child to enter upon or remain in such an establishment.

The power of parents over their children are and ought to be very great, and the promptness of proper and natural parental affection are usually found sufficient to impel them in the proper line of duty toward the child, but if this fails, the state is not powerless, if it need be, to impose such penalties as are deemed necessary for the protection of the child, upon the parent or any other person for a neglect of duty in this respect.

That the parent or guardian may consent that spirituous liquors may be sold to the child or ward and thereby exempt the seller from liability to criminal prosecution, is in no manner inconsistent with the right and power of the state to give a civil action against the seller notwithstanding the consent of the parent or guardian, and to give such an action against the keeper of such establishment on his bond whenever such person knowingly permits a minor to enter upon or remain there.

There is no such case of necessity shown in this case as could possibly relieve the makers of the bond from the liability voluntarily assumed by them, and the judgment is affirmed.

Stayton, J.